IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Estate of Colin Grau, a minor, by his Parents, Scott and Brenda Grau, and Scott Grau and Brenda Grau in their Own Right, | 2:10cv111<br>Electronic filing |
| Plaintiffs, | District Judge Cercone<br>Magistrate Judge Lenihan |
| v. | |
| New Kensington-Arnold School District, Robert Pallone, Robert Sauro, Carol Ansani, Beverly Meyer, Debbie Glushenko, Traci York, Patrick Petit, George Batterson, Wayne Perry, Eric Doutt, Audrey Sleigh, and Jon Banko and Jeffrey Thimons, all such individuals being sued in their individual and official capacitites, | Re: ECF No. 29 |
| Defendants. | |

## MEMORANDUM ORDER

Plaintiffs' Complaint was filed on January 26, 2010, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C. and D.

The Magistrate Judge's Report and Recommendation (ECF No. 29) filed on June 30, 2010, recommended that the Motion to Dismiss filed by Defendants (ECF No. 18) be granted. Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and FEDERAL RULE OF CIVIL PROCEDURE 72(b)(2), and Local Rule of Court 72.D.2., the parties had fourteen (14) days from the date of service to file objections to the Report and Recommendation.

On July 19, 2010, Plaintiffs filed Objections to the Report and Recommendation (ECF No. 30). On August 2, 2010, Defendants filed their Reply (ECF No. 31) to Plaintiffs' Objections. On August 13, 2010, Plaintiffs filed a "Reply" to Defendants' Reply (ECF No. 32).

Plaintiffs contend that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), they were not given the benefit of the following language in their Complaint: "had the closed-campus rules and safeguards not been removed by Defendants, Minor Plaintiff would not have left school early." Plaintiffs then direct the Court to an averment in the Complaint regarding Minor Plaintiff's "exemplary school record" as factual support for the assertion. Specifically, Plaintiffs averred that "Plaintiff was an extraordinary and exceptional student, attaining a commendable grade point average and being involved in numerous school activities." (Complaint, ECF No. 1 at ¶ 95.) Although this averment regarding Plaintiff's exemplary school record is part fact and part opinion, "had the closed-campus rules and safeguards not been removed by Defendants, Minor Plaintiff would not have left school early," is not an averment of fact. Instead, this averment could be construed as a legal conclusion in an attempt to establish the legal requirements of foreseeability and direct cause necessary to establish a state-created danger claim. Consequently, this averment was properly disregarded by the Magistrate Judge pursuant to *Twombly* and its progeny.

Plaintiffs' next objection conflicts with their argument in support of their first objection. Plaintiffs contend that the Magistrate Judge did not properly apply the first element of the state created danger test when applying it specifically to the Minor Plaintiff. In response to Defendants' argument that Plaintiffs' averments require "improper speculation" to make out a plausible claim for relief pursuant to the first prong of the state-created danger test, that "the

harm was foreseeable and fairly direct," Plaintiffs point to Minor Plaintiff's lack of disciplinary problems and impressive academic performance. (ECF No. 23 at 13.) Plaintiffs' Complaint necessarily limits the Court's analysis to Minor Plaintiff and other "extraordinary and exceptional student[s], attaining a commendable grade point average and being involved in numerous school activities," a vague and undefined group of students. Taking Plaintiffs' argument to its logical conclusion, students with "no disciplinary problems" and "impressive academic performance" comparable to Minor Plaintiff are the only students who would have been placed at risk as a result of Defendants' alleged abandonment of the closed campus policy. That is, those students who left school in violation of the closed campus policy would not be placed at increased risk of harm after Defendants' alleged abandonment of the closed campus policy. Yet, Plaintiffs argue in their objections that "the class of individuals making up the students at [the High School] is the proper measure of foreseeability." (ECF No. 30 at 5.) The limiting nature of Plaintiffs' argument concerning Minor Plaintiff's exemplary school performance in support of their first objection, justifies the Magistrate Judge's specific application of the first prong of the state-created danger test.

Finally, Plaintiffs object to the Magistrate Judge's application of the fourth prong of the state-created danger test. Plaintiffs contend that the Magistrate Judge confused the application of the causation analysis in discussing Defendants' alleged failure to enforce the closed campus policy as the but for cause of Minor Plaintiff's harm, rather than the but for cause of the danger. (ECF No. 30 at 9). Plaintiffs acknowledge, however, that the United States Court of Appeals for the Third Circuit has used this language, but suggest that its use of the language was

3

unintentional.[1] (ECF. No. 30 at 9 n.2.) In *Kaucher v. County of Bucks*, 455 F.3d 418, 433 (3d Cir. 2006), the Third Circuit specifically stated that "[w]here the state's action is not the 'but for cause' of the plaintiff's harm, the fourth element is not satisfied." *Id.* (discussing *Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3d Cir. 1997)). Further, in *Phillips v. County of Allegheny*, the United States Court of Appeals for the Third Circuit emphasized that "the complaint must also plead a direct causal relationship between the affirmative act and plaintiff's harm." 515 F.3d 224, 236 (3d Cir. 2008) (citing *Kaucher*, 455 F.3d at 432). Here, taking all of Plaintiffs' well pleaded facts as true, and affording Plaintiffs every favorable inference, Plaintiffs are unable to show a "plausible claim for relief" as to the fourth prong of the state-created danger analysis. Plaintiffs cannot show through the facts in their Complaint and all favorable inferences drawn therefrom, a direct causal relationship between the danger allegedly created by the defacto open campus policy (creating an environment where Minor Plaintiff and students with characteristics like Minor Plaintiff would leave school) and the harm suffered by Minor Plaintiff. That is, this allegedly dangerous environment was not the but for cause of Minor Plaintiff's harm. There were simply too many intervening factors. Whether couched in terms of the harm or the danger faced by Minor Plaintiff, Plaintiffs are unable to aver a plausible claim for relief under *Twombly*, and any attempt to amend their Complaint would be futile. *See Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

After review of the pleadings and the documents in the case, including Plaintiffs'

---

[1] Plaintiffs indicate that the circuit's use of the language is either unintentional, or the result of confusing the concept of "direct causal link" between state actor's conduct and plaintiff's harm. (ECF No. 30 at 9 n.2.) The Court notes that "but-for cause" and "direct cause" are synonymous for a cause that directly produces an event and without which the event could not have occurred. *Black's Law Dictionary* 212-13 (7th ed. 1999).

4

Objections and responsive submissions, and the Report and Recommendation, together with the Court's discussion in this Memorandum, the following Order is entered:

AND NOW, this 22 day of September, 2010;

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 18) filed by Defendants is **GRANTED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 29) of Magistrate Judge Lenihan, dated June 30, 2010, is adopted as the Opinion of the Court.

David Stewart Cercone
United States District Judge

cc: Honorable Lisa Pupo Lenihan
Charles E. Steele, Esquire
Marcus B. Schneider, Esquire
Anthony G. Sanchez, Esquire
Christina L. Lane, Esquire
Robert G. Wible, Esquire
(*Via Electronic Mail*)